## P. A. GEIER CO. v. EUREKA VACUUM CLEANER CO. et al.

Circuit Court of Appeals, Sixth Circuit.
July 27, 1927.

No. 4783.

Patents ☞328—Baker patent 983,971, claims 1, 2, 3, for removable brush attachment for vacuum cleaners, held not infringed.

Baker patent, No. 983,971, claims 1, 2, and 3, for removable brush attachment for vacuum clearners, *held* no infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Patent infringement suit by the P. A. Geier Company against the Eureka Vacuum Cleaner Company and another. Decree for defendants, and plaintiff appeals. Affirmed.

Albert Lynn Lawrence, of Cleveland, Ohio (Farrell & Edwards, of Cleveland, Ohio, on the brief), for appellant.

William J. Belknap, of Detroit, Mich. (Whittemore, Hulbert, Whittemore & Belknap, of Detroit, Mich., and A. C. Paul, of Minneapolis, Minn., on the brief), for appellees.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. This was a suit for infringement of claims 1, 2, and 3 of the Baker patent, No. 983,971, application for which was filed October 26, 1909, and granted February 14, 1911. Invalidity and noninfringement were relied upon as defenses. The lower court dismissed the bill, holding that each of the parties was entitled to make and sell its specific form of device.

The invention comprises a removable brush attachment for vacuum cleaners. It consists of two brush bars adapted to be attached exteriorly to the nozzle of the cleaner, and as readily to be removed therefrom to permit the use of the nozzle without the brush. In each end of one of the bars there is a recess for a helical spring, one end of which rests against the bottom of the recess and the other against the head of a screw, which is passed through the spring and its threaded end screwed to the end of the other bar. Engaging the screws between the two bars are sleeves that act as spacers. The inner faces of the bars are recessed to receive a bead on the nozzle of the cleaner. The springs permit the widening of the space between the bars and, when the device is attached, hold the bars in contact with the cleaner nozzle. The purpose of the brush is to loosen dirt or other substance, which adheres to the floor or surface over which the sweeper is passed, so that the air draft can more effectively remove it.

Prior to 1922 defendant made a device disclosed by the Stocker patent, No. 1,179,-049. Since 1922 it has been making and selling the Field device, patent No. 1,541,804, which is the device alleged to infringe. The single claim of that patent calls for a brush attached to clips having inverted substantially U-shaped portions extending upwardly into the nozzle of the cleaner, to permit a portion of the article cleaned to be drawn upwardly into the nozzle, and having portions at the ends of the clips embracing opposite sides of the nozzle. The brush bars, unlike Baker, do not engage the head or nozzle of the cleaner; the attachment being effected by engagement of the clips with the nozzle.

It is not claimed that Baker was a pioneer in the art, but that his patent was of relatively early standing, and the device the defendant is now making is the logical development of the Baker idea. Spencer and Burton, 793,548, and Leacock, 943,424, disclosed removable brush attachments for vacuum cleaners. Other removable attachments in cleaners, though not vacuum cleaners, are also shown in the prior art, notably the British patent, Foerster, No. 3,903. Plaintiff's commercial device is made in conformity with Trautman, No. 1,153,734. When Baker entered the field, removable brushes for vacuum cleaners were old. The lower court thought that the prior art imposed quite narrow limitations upon his claims. With this we agree. All of the claims in dispute call for the engagement of the brush bars with the nozzle of the cleaner. Claim 1, original claim 4, and passed without amendment, specifies "two relatively movable parts [the brush bars] embracing said head adjacent to said orifice" with means "to hold said parts in contact with opposite sides of said head"; claim 2, "two resiliently connected parts yieldingly engaging opposite sides of said head adjacent to said orifice;" and claim 3, "two relatively movable parts embracing said head," with means "to hold said interengaging means in interengagement with each other." Defendants do not use a screw-threaded bolt with recesses in one of the brush bars, nor do they obtain resiliency of engagement with the nozzle of the cleaner by helical springs. In their structure the brush bars do not engage the nozzle, but are attached to the U-shaped clips, which engage the nozzle head. We think it does not infringe.

Judgment affirmed.